**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **RAYMUNDO SALCEDO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-10-CV-363-KC** |
| | § | |
| **EVANSTON INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

On this date, the Court considered Plaintiff's Motion to Review the Clerk's Costs Bill ("Motion"), ECF No. 44. For the following reasons the Motion is **DENIED**.

## I.    BACKGROUND

In 2008, Plaintiff sued Villegas & Sons ("Villegas") in the 448th Judicial District Court of El Paso County, Texas for injuries sustained while working in Villegas's asphalt plant. Pl.'s Am. Compl. ¶¶ 5-6, ECF No. 27 ("Complaint"). Villegas tendered defense of the lawsuit to Defendant under an insurance policy it had purchased from Defendant. *Id.* ¶ 7. Defendant denied that the policy covered Plaintiff's lawsuit and refused to defend or indemnify Villegas. *Id.* Ultimately, Plaintiff prevailed in state court. *See* Pl.'s Am. Mot. for Summ. J.; Ex. B, ECF No. 19-2. Villegas subsequently assigned any claims it had against Defendant to Plaintiff. Compl. ¶ 9.

Pursuant to the above assignment, Plaintiff brought suit in this Court alleging breach of contract for Defendant's failure to defend and indemnify in the underlying state court case. *See generally* Compl. The Court entered final judgment in favor of Defendant on June 24, 2011.

Order, ECF No. 39. Defendant filed its Bill of Costs two weeks later. Bill of Costs, ECF No. 41.

Subsequently, Plaintiff appealed the Court's judgment. *See* Notice of Appeal, ECF No. 42.

Plaintiff then filed the instant Motion objecting to "a charge [in Defendant's Bill of Costs] for a

printed transcript from the state court in the underlying case." Mot. 1.

## II.    DISCUSSION

### A.    Jurisdiction to Award Costs

Filing a notice of appeal generally divests a district court of jurisdiction over the issues

involved in the appeal. *Henry v. Ind. Am. Sav. Assoc.*, 857 F.2d 995, 997 (5th Cir. 1988); *see*

*Winchester v. U.S Att'y for the S. Dist. of Tex.*, 68 F.3d 947, 948 (5th Cir. 1995) ("[U]nder the

usual rule, the district court loses all jurisdiction over matters brought to us upon the filing of the

notice of appeal."); *see also Lancaster v. Ind. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir.

1988). Nonetheless, the Fifth Circuit has noted that a district court retains jurisdiction over some

matters, even in the face of a notice of appeal. *See, e.g., Winchester*, 68 F.3d at 949. Motions

that are "collateral to the merits [of an appeal do] not divest the district court of jurisdiction."

*Kira Inc. v. All Star Maint., Inc.*, 294 F. App'x 139, 141 (5th Cir. 2008) (citing *Procter &*

*Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524-25 (5th Cir. 2002)).

A motion for bill of costs is a collateral motion. *Buchanan v. Stanships, Inc.*, 485 U.S.

265, 268-69 (1988)*; see also Kira Inc.*, 294 F. App'x at 140-41 (defendant's motion for costs and

attorney's fees "did not divest the district court of jurisdiction because defendants' fee motion

constituted a collateral matter that was unrelated to the appeal's underlying claims."); *Carter v.*

*Gen. Motors Corp.*, 983 F.2d 40, 42 (5th Cir. 1993) ("a motion to correct or supplement an

award of costs is uniquely separable from the cause of action to be proved at trial") (internal

quotations omitted). Therefore, Plaintiff's appeal does not divest the Court of jurisdiction to

consider his Motion.

**B.    Standard**

Pursuant to Federal Rule of Civil Procedure 54(d):

> Unless a federal statute, these rules, or a court order provides otherwise, costs
> —other than attorneys' fees —should be allowed to the prevailing party.   But
> costs against the United States, its officers, and its agencies may be imposed only
> to the extent allowed by law.   The clerk may tax costs on 14 days' notice. On
> motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d).

There is a strong presumption that a prevailing party will be awarded costs.  *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Walters v. Roadway Express, Inc.*, 557 F.2d 521 (5th Cir.1977)).   In fact, the Fifth Circuit has stated that a prevailing party is *prima facie* entitled to costs, and that it is the losing party's burden to overcome this presumption.  *Id.* (citing *Walters*, 577 F.2d at 526). As such, when a trial court exercises its discretion to deny costs, it is usually done so as a penalty for some conduct during the course of litigation.  *Id.*

Title 28 U.S.C. § 1920 identifies recoverable costs, which include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Whether a document has been "necessarily obtained for use in the case" is a highly factual inquiry in which the district court is afforded broad discretion.  *Rundus v.  City of Dallas, Tex.*, 634 F.3d 309, 316 (5th Cir. 2011); *see also Fogelman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991).

**C.    Analysis**

It is undisputed that Defendant is the prevailing party in this case.  Defendant seeks to recover the costs of a printed state court transcript from the underlying case in the amount of $248.50.  *See* Bill of Costs; Def.'s Resp. to Pl.'s Mot., ECF No. 45 ("Def.'s Resp.").  Plaintiff

objects, claiming the transcript was irrelevant to the final judgment and pointing out that the Court did not request the transcript from the parties. Mot. 1. In Plaintiff's view, it was unnecessary for Defendant to pay for a copy of the transcript when Plaintiff possessed a copy that they would have "freely provided" to the Defendant had it been requested. *Id.*

Defendant, on the other hand, argues that the transcript was necessary to its understanding of the facts in the underlying case. Def.'s Resp. 2. Moreover, Defendant claims that they are under "no obligation" to first attempt to seek a copy of the transcript from Plaintiff before obtaining a copy from the official court reporter. *Id.*

The cost of the transcript will be recoverable if it was "reasonably necessary" for use in the case. *Rundus*, 634 F.3d at 316. "Reasonably necessary" does not necessarily mean used or introduced as evidence at trial; rather, transcripts that could "reasonably be expected to be used for trial preparation" are recoverable costs. *Fogelman*, 920 F.2d at 285. However, transcripts obtained for the convenience of counsel or for use in discovery are not taxable costs. *Id.*

The Court finds that Plaintiff has failed to overcome the presumption that Defendant, as the prevailing party, is entitled to costs. Defendant sufficiently demonstrated that it could have reasonably expected to use the transcript to prepare this case. Indeed, one of the "key issues" in the instant case was Defendant's decision in the underlying action to deny a defense and indemnity to Villegas. Def.'s Resp. 2. Thus, the facts contained in the transcript were reasonably necessary for trial preparation. *See, e.g., Viverette v. Lurleen B. Wallace State Jr. Coll.*, 587 F.2d 191, 194 (5th Cir. 1978) (transcript of underlying proceeding "indispensible" to instant action and taxed as a cost); *Canion v. United States*, No. EP-03-CA-0347-FM, 2005 WL 2216881, at *3 (W.D. Tex. Sept. 9, 2005) (trial transcript reasonably necessary when used to prepare documents submitted to the court); *Dixon v. Comal Cnty., Tex.*, No. SA-09-CV-831-XR, 2011 WL 1565970, at *1 (W.D. Tex. April 25, 2011) (fact witness depositions could

"reasonably be expected" to be used for trial preparation at the time they were taken, and thus their cost taxed in favor of prevailing party). Defendant is entitled to recover the cost for the transcript.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is **DENIED**. Plaintiff shall be taxed costs in the amount of $248.50.

**SO ORDERED**.

**SIGNED** on this 26th day of September, 2011.


KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE